JOSEPH ZUCKERMAN, PLAINTIFF-APPELLEE, v. LOUIS HANDLEMAN, DEFENDANT-APPELLANT.

Decided December 21, 1923.

**Negotiable Instruments—Notes—Verbal Contract to Hold the Note That Certain Set-offs May Be Made Thereon Is Not Binding Under Rule That an Oral Contract Agreement Properly Be Done to Vary the Terms of a Written Instrument—Objection to Endorsement to Be Set Up in Pleading or By Affidavit in Courts Where a Plea Is Not Required.**

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Edward Schoen.*

For the appellee, *Benjamin M. Weinberg.*

PER CURIAM.

The plaintiff sued on a promissory note, made by L. Handleman to the order of Joe Londinsky, for $464, dated April 24th, 1922, payable three months after date for "value received."

The state of the case settled by the court discloses that Handleman signed the note in question and delivered it to Joe Londinsky, who in turn passed it over to Joseph Zuckerman, the plaintiff, who testified that the full amount was due on the note.

Against plaintiff's objection the defendant was permitted to introduce evidence concerning the making of the note to the effect that the note sued upon was a renewal of a note given by the defendant to Joe Londinsky, a former partner, as evidence of a partnership indebtedness due to Londinsky; that when the note in question was given to Londinsky the plaintiff was present and knew that the note was given as evidence of Londinsky's claim against the partnership for

moneys advanced by Londinsky over and above his original partnership contribution, and was to be held by Londinsky until an accounting could be had which would show any moneys which Londinsky might have collected on account of the partnership, which should be offset against the note, and that Londinsky agreed to hold the note and not to negotiate, discount or place the same for collection.

At the conclusion of defendant's case this testimony, on motion, was struck out on the ground that it tended to alter, vary or add to the terms of the written instrument. Defendant's attorney then moved for a direction of a judgment in favor of the defendant, Louis Handleman, on the ground that the endorsement of Joseph Londinsky was not proven. This motion was also denied.

The two grounds relied on and argued in the appellant's brief are as follows:

1. That it was error to strike out the testimony as set forth in the state of the case.

2. That the District Court erred in refusing to direct a verdict for the defendant upon plaintiff's failure to prove the endorsement of Joseph Londinsky.

As to the first ground that the court erred in striking out the testimony which had been admitted against the objection of plaintiff's counsel.

The plaintiff was the holder of the note, which was a renewal of a previous note made by the defendant, and was complete and regular upon its face, and bore the endorsement of Joe Londinsky, the payee of the note. The plaintiff testified that the full amount of the note was due him.

The note was offered in evidence. Article 4, *placitum* 59 of the Negotiable Instruments act (3 *Comp. Stat.*, *p.* 3741) provides: "Every holder is deemed *prima facie* to be a holder in due course." * * * By article 2, *placitum* 24 (3 *Comp. Stat.*, *p.* 3738) "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

What the defendant endeavored to establish as a bar to a recovery on the note was that at the time of the renewal of the note he had made an oral agreement with the payee of the note in the presence of the plaintiff and that the note was to be held until an accounting could be had which could show any moneys the payee might have collected, on account of the partnership and thus be an offset against the note. There was no assertion that the payee had collected any of the partnership accounts or that he was indebted to the maker in any sum whatever. But be this as it may, it is quite clear that these facts did not establish a fraud which would vitiate the validity of the note. The attempt to successfully fasten the alleged contemporaneous oral agreement to the note is without support under the well-settled law of this state. The effect of the oral agreement was to vary the terms of a written instrument and this cannot be properly done. *Naumberg* v. *Young,* 44 *N. J. L.* 331.

Counsel of appellant does not claim that the testimony stricken from the record was offered for the purpose of establishing that there was any fraud in the procuration of the note; but as the plaintiff, the holder of the note, was present at the time the alleged oral agreement was made and cognizant of its terms, that under *Chaddock* v. *Vauness,* 35 *N. J. L.,* such testimony was admissible. But this apparently is a misconception of what was there decided by the Court of Errors and Appeals. Mr. Justice Depue (at *p.* 552), delivering the opinion of the court, said: "As applied to commercial paper, drawn and endorsed so as to create the usual contract of endorsement, the weight of authority greatly preponderates against the admission of parol evidence of an agreement between the parties to qualify or vary the contract of endorsements, whether it be made in blank or in full." Here follows a citation of numerous cases in support of the statement.

The learned justice continued: "The inadmissibility of parol evidence to vary the legal import of commercial paper is forcibly advocated by Professor Parsons. 2 *Pars. N.* 520. He maintains that its competency is limited to exceptional

cases. *Id.* 23. The exceptional cases are those in which the evidence tends to establish a defect in consideration, or the instrument is informal and, therefore, no commercial contract is created by the endorsement *per se.* It is upon the principle of this exception that the evidence received by the court in this case was properly admitted."

Now, as in the present case, the note sued upon was in complete and regular form and the testimony offered by the defendant and stricken out by the court tendered neither to establish a failure of consideration or that the note was procured by fraud, of which the plaintiff and holder of the note had knowledge; but, on the contrary, tended to vary the legal import of such note, the trial judge was warranted in giving no legal effect to such testimony and in striking it from the record.

2. The further contention of counsel of appellant that the defendant was entitled to a direction of a verdict in his favor because the plaintiff did not prove the endorsement of Joe Londinsky on the note is without legal support.

Section 1 of "A supplement to an act entitled 'An act concerning evidence' (Revision of 1900)," *Comp. Stat. Supp.* (1911-1915), *p. 581, placitum 5,* provides:

"In every suit or judicial proceeding in any of the courts of this state which is brought upon a negotiable instrument the authenticity of any signature or endorsement upon said instrument shall be taken to be admitted, unless it is put in issue by the pleadings, and in courts in which the practice is that the defendant need not file a plea the authenticity of such signature or endorsement shall be taken to be admitted unless the party to the suit denying the authenticity of such signature or endorsement shall file with the court an affidavit stating that to the best of his or its knowledge and belief such signature or endorsement is not the true signature or endorsement of the person purporting to have made the same."

The District Court being a court in which the practice is that the defendant need not file a plea, and no such affidavit having been filed by the defendant in the present case, denying

the authenticity of the endorsement as required by the statute, where such signature is required to be proven, by force of the provision of the statute, the signature was admitted without any proof thereof by the plaintiff. The motion for a direction of a verdict for defendant upon that ground was properly denied.

Judgment is affirmed, with costs.